## SILAS REID v. THE STATE.

1. AGGRAVATED ASSAULT — CHARGE OF THE COURT. — The information having charged the use of a deadly weapon as the circumstance of aggravation, the investigation should have been limited to that circumstance, and the court erred in charging the jury, over defendant's objection, upon other circumstances enumerated in the statute.

2. SAME? — "If you believe that an offence has been committed, you may find the defendant guilty either of an aggravated assault or a simple assault," is an erroneous charge, inasmuch as it does not require the jury to believe that the defendant, and none other, was guilty of the offence.

3. CHARGE OF THE COURT — PRESUMPTION OF INNOCENCE. — The law indulges no supposition, but as a fact presumes the defendant innocent until his guilt is established by legal evidence; hence a charge that "defendant is supposed to be innocent until his guilt is established by testimony," is error.

4. SAME — REASONABLE DOUBT. — That the "defendant is entitled to all reasonable doubts," is a charge so broad that it authorizes speculation and doubt outside the facts of the case.

APPEAL from the County Court of Rains. Tried below before the Hon. E. P. KEARBY, County Judge.

The information charged the defendant with an aggravated assault and battery upon the person of A. Hunt, and the use of a deadly weapon was alleged as the means of aggravation. The trial, at the August term, 1880, of the County Court, resulted in a verdict of guilty, and a fine of $35 was imposed.

This prosecution was the result of a dispute between the accused and Andrew Hunt, the prosecuting witness, regarding the ownership of a saddle-blanket. It was shown for the prosecution, in substance, that Andrew Hunt, having found, in a road, a blanket which had been lost by a Mr. Stockton, used it on the morning of the difficulty in riding over a pasture in search of a pony. On his return from the pasture to a lot owned by W. Fitzgerald, where the difficulty is shown to have taken place, the defendant asked him if he had his (defendant's) blanket. He responded

that he had a blanket he had found in the road, which had been lost by Col. Stockton, and that Stockton had told him to keep it for him, and that it belonged to Kit Reid, defendant's brother. The defendant claimed the blanket as his, or his brother's, when Hunt called him a " d—d liar." The defendant replied, " You are another; it is mine, and I'm going to have it; " at the same time advancing. He drew a pocket-knife, and opening, waived it as he advanced, saying, " I am the man that can call you a d—d black son of a b—h." Hunt disclaims having advanced a step towards defendant, but testifies that he had a large wagon-whip in his hand, with which he struck defendant when in striking distance, under the impression that defendant intended to cut him, which he subsequently did in four or five places. Hunt, according to his own testimony, threw down his whip and drew a pocket-knife, and in the difficulty inflicted a wound upon the defendant.

Fitzgerald, for the prosecution, did not hear the first words addressed to Hunt by the defendant, but heard Hunt respond, " You are a d—d liar." He did not understand the reply made by defendant, but heard Hunt say in response, " If you do, I'll burst your d—d brains out with this whip." Hunt, according to this witness, was advancing upon defendant, grasping the whip about the middle, and holding it down, though possibly shaking it. Having advanced ten or twelve feet, Hunt stopped and placed his hand on his hip, when the defendant commenced to advance, waiving his knife. From this point, this witness gives substantially the same account of the difficulty as that given by Hunt. He does not know which of the parties struck first. Hunt did not advance on defendant after he stopped and put his hand on his hip.

The testimony for the defence identified the blanket as the property of the defendant's brother, reiterated the conversation between the parties as detailed by the State's witness Fitzgerald, and tended to prove that when Hunt

threatened, in reply to some remark made by defendant, to burst his brains out with the whip, he started towards defendant, and both parties continued to advance upon each other, neither stopping until the fight was over; also, that Hunt, using a whip large enough to fell a man, struck the first blow, hitting defendant on the head.   Two blows were struck defendant by Hunt, according to the testimony for the defence, before defendant struck Hunt, and the latter is testified to have advanced the greater distance.

*H. W. Martin*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J.   The main objection urged in the motion in arrest of judgment against the complaint appears hypercritical.   We are of opinion an aggravated assault is sufficiently charged.

The circumstance of aggravation laid in the information was, that the assault was committed "with a deadly weapon."   The county judge, however, was not satisfied with limiting the investigation to that circumstance, but charged the jury upon other circumstances enumerated in the statute.   This was done over objection of defendant, as shown by his bill of exceptions.   As has been repeatedly held, this was error; and a bill of exceptions having been saved, makes it an error requiring a reversal of the judgment, though the case was a misdemeanor.   See *Kennedy* v. *The State*, decided at the present term, *ante*, p. 399.

Amongst other features of the charge, we call attention to the following paragraphs : —

" 10. If you believe that an offence has been committed, you may find the defendant guilty either of an aggravated assault or a simple assault."

Suppose the jury should have believed that an offence had been committed, but that it had not been committed by

defendant, but the other party, — the one he was charged to have assaulted, — what would have been their duty under this instruction?   To have found him guilty, of course.

" 11. If you believe from the testimony that defendant is not guilty, you will so find.   Defendant is supposed to be innocent until his guilt is established by testimony."   A defendant is not supposed, but the law, as a fact, presumes him to be innocent until his guilt is established by legal evidence.   Code Cr. Proc., art. 727.

" 12. Defendant is entitled to all reasonable doubts."

A defendant would scarcely object to this, and in justice to the present defendant we will state that he has not done so.   To say the least of it, it opens up, perhaps, a large field of speculation and doubt for the jury outside the facts of the case.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*